UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE L. ROGERS #236976,

    Plaintiff,

v.                                        No.: 3:12-cv-426
                                                       (VARLAN/GUYTON)

STATE OF TENNESSEE,
KNOX COUNTY CRIMINAL COURT,
WARDEN DAVID SEXTON, and
WARDEN TONY HOWERTON,

    Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. In the caption of the case, plaintiff listed the State of Tennessee and the Knox County Criminal Court as defendants. In the section for listing defendants to this action, plaintiff named David Sexton, the warden of the Northeastern Correctional Complex where plaintiff was previously housed,

and Tony Howerton, the warden of the Morgan County Correction Complex where plaintiff is presently housed, both in their official capacity only.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff alleges that his rights to a jury trial and to be heard were violated by former Judge Richard Baumgartner of the Knox County Criminal Court, when plaintiff did not give his express consent to waive a jury trial and was not informed of such right. Plaintiff also complains that records of his plea and sentencing were not preserved and thus he could not

present evidence in support of his state petition for the writ of habeas corpus. Based upon the documents attached to plaintiff's complaint, it appears he is referring to his 1994 guilty pleas to first degree murder and attempt to commit first degree murder in the Criminal Court for Knox County, Tennessee. For relief, plaintiff asks this Court to return his criminal case to its pre-plea status and that he be allowed his constitutional rights.

The State of Tennessee is not a suable entity under § 1983 and is immune from suit. *Quern v. Jordan*, 440 U.S. 332 (1979); *see also Lawson v. Shelby County*, Tennessee, 211 F.3d 331, 335 (6th Cir. 2000) ("In addition, the Lawsons' claims against the State of Tennessee are barred by the Eleventh Amendment, because the Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The Knox County Criminal Court is likewise not a suable entity under § 1983. *See Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Similarly, the two wardens named as defendants in the their official capacity are not subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff clearly labeled this case as an action brought pursuant to 42 U.S.C. § 1983, and as such it fails to state claim for which relief can be granted. To the extent plaintiff is challenging the validly of his guilty plea and his continued confinement, he must seek relief pursuant to a petition for the writ of habeas corpus under 28 U.S.C. § 2254.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE